# EXHIBIT 2

# USAO ATTORNEY'S FEES MATRIX – 2015 – 2016

*Revised Methodology starting with 2015-2016 Year*

Years (Hourly Rate for June 1 – May 31, based on change in PPI-OL since January 2011)

| Experience | 2015-16 |
|---|---|
| 31+ years | 568 |
| 21-30 years | 530 |
| 16-20 years | 504 |
| 11-15 years | 455 |
| 8-10 years | 386 |
| 6-7 years | 332 |
| 4-5 years | 325 |
| 2-3 years | 315 |
| Less than 2 years | 284 |
| Paralegals & Law Clerks | 154 |

*Explanatory Notes*

1. This matrix of hourly rates for attorneys of varying experience levels and paralegals/law clerks has been prepared by the Civil Division of the United States Attorney's Office for the District of Columbia (USAO) to evaluate requests for attorney's fees in civil cases in District of Columbia courts.  The matrix is intended for use in cases in which a fee-shifting statute permits the prevailing party to recover "reasonable" attorney's fees.  *See, e.g.,* 42 U.S.C. § 2000e-5(k) (Title VII of the 1964 Civil Rights Act); 5 U.S.C. § 552(a)(4)(E) (Freedom of Information Act); 28 U.S.C. § 2412(b) (Equal Access to Justice Act).  The matrix has not been adopted by the Department of Justice generally for use outside the District of Columbia, or by other Department of Justice components, or in other kinds of cases.  The matrix does **not** apply to cases in which the hourly rate is limited by statute.  *See* 28 U.S.C. § 2412(d).

2. A "reasonable fee" is a fee that is sufficient to attract an adequate supply of capable counsel for meritorious cases.  *See, e.g., Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010).  Consistent with that definition, the hourly rates in the above matrix were calculated from average hourly rates reported in 2011 survey data for the D.C. metropolitan area, which rates were adjusted for inflation with the Producer Price Index-Office of Lawyers (PPI-OL) index.  The survey data comes from ALM Legal Intelligence's 2010 & 2011 Survey of Law Firm Economics.  The PPI-OL index is available at www.bls.gov/ppi/#data.  On that page, under "PPI Databases," and "Industry Data (Producer Price Index - PPI)," select either "one screen" or "multiple screen" and in the resulting window use "industry code" 541110 for "Offices of Lawyers."  The average hourly rates from the 2011 survey data are multiplied by the PPI-OL index for May in the year of the update, divided by 176.6, which is the PPI-OL index for January 2011, the month of the survey data, and then rounding to the nearest whole dollar (up if remainder is 50¢ or more).

3. The PPI-OL index has been adopted as the inflator for hourly rates because it better reflects the mix of legal services that law firms collectively offer, as opposed to the legal services that typical consumers use, which is what the CPI-Legal Services index measures.  Although it is a national index, and not a local one, *cf. Eley v. District of Columbia*,

      793 F.3d 97, 102 (D.C. Cir. 2015) (noting criticism of national inflation index), the PPI-OL index has historically been generous relative to other possibly applicable inflation indexes, and so its use should eliminate disputes about whether the inflator is sufficient.

4. The methodology used to compute the rates in this matrix replaces that used prior to 2015, which started with the matrix of hourly rates developed in *Laffey v. Northwest Airlines, Inc.* 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985), and then adjusted those rates based on the Consumer Price Index for All Urban Consumers (CPI-U) for the Washington-Baltimore (DC-MD-VA-WV) area. Because the USAO rates for the years 2014-15 and earlier have been generally accepted as reasonable by courts in the District of Columbia, see note 9 below, the USAO rates for those years will remain the same as previously published on the USAO's public website. That is, the USAO rates for years prior to and including 2014-15 remain based on the prior methodology, *i.e.*, the original *Laffey* Matrix updated by the CPI-U for the Washington-Baltimore area. *See Citizens for Responsibility & Ethics in Washington v. Dep't of Justice*, --- F. Supp. 3d ---, 2015 WL 6529371 (D.D.C. 2015) and Declaration of Dr. Laura A. Malowane filed therein on Sept. 22, 2015 (Civ. Action No. 12-1491, ECF No. 46-1) (confirming that the USAO rates for 2014-15 computed using prior methodology are reasonable).

5. Although the USAO will not issue recalculated *Laffey* Matrices for past years using the new methodology, it will not oppose the use of that methodology (if properly applied) to calculate reasonable attorney's fees under applicable fee-shifting statutes for periods prior to June 2015, provided that methodology is used consistently to calculate the entire fee amount. Similarly, although the USAO will no longer issue an updated *Laffey* Matrix computed using the prior methodology, it will not oppose the use of the prior methodology (if properly applied) to calculate reasonable attorney's fees under applicable fee-shifting statutes for periods after May 2015, provided that methodology is used consistently to calculate the entire fee amount.

6. The various "brackets" in the column headed "Experience" refer to the attorney's years of experience practicing law. Normally, an attorney's experience will be calculated starting from the attorney's graduation from law school. Thus, the "Less than 2 years" bracket is generally applicable to attorneys in their first and second years after graduation from law school, and the "2-3 years" bracket generally becomes applicable on the second anniversary of the attorney's graduation (*i.e.*, at the beginning of the third year following law school). *See Laffey* 572 F. Supp. at 371. An adjustment may be necessary, however, if the attorney's admission to the bar was significantly delayed or the attorney did not otherwise follow a typical career progression. *See, e.g., EPIC v. Dep't of Homeland Sec.*, 999 F. Supp. 2d 61, 70-71 (D.D.C. 2013) (attorney not admitted to bar compensated at "Paralegals & Law Clerks" rate); *EPIC v. Dep't of Homeland Sec.*, 982 F. Supp. 2d 56, 60-61 (D.D.C. 2013) (same). The various experience levels were selected by relying on the levels in the ALM Legal Intelligence 2011 survey data. Although finer gradations in experience level might yield different estimates of market rates, it is important to have statistically sufficient sample sizes for each experience level. The experience categories in the current USAO Matrix are based on statistically significant sample sizes for each experience level.

7. ALM Legal Intelligence's 2011 survey data does not include rates for paralegals and law clerks. Unless and until reliable survey data about actual paralegal/law clerk rates in the D.C. metropolitan area become available, the USAO will compute the hourly rate for Paralegals & Law Clerks using the most recent historical rate from the USAO's former *Laffey* Matrix (*i.e.*, $150 for 2014-15) updated with the PPI-OL index. The formula is $150 multiplied by the PPI-OL index for May in the year of the update, divided by 194.3 (the PPI-OL index for May 2014), and then rounding to the nearest whole dollar (up if remainder is 50¢ or more).

8. The USAO anticipates periodically revising the above matrix if more recent reliable survey data becomes available, especially data specific to the D.C. market, and in the interim years updating the most recent survey data with the PPI-OL index, or a comparable index for the District of Columbia if such a locality-specific index becomes available.

9. Use of an updated *Laffey* Matrix was implicitly endorsed by the Court of Appeals in *Save Our Cumberland Mountains v. Hodel*, 857 F.2d 1516, 1525 (D.C. Cir. 1988) (en banc). The Court of Appeals subsequently stated that parties may rely on the updated *Laffey* Matrix prepared by the USAO as evidence of prevailing market rates for litigation counsel in the Washington, D.C. area. *See Covington v. District of Columbia*, 57 F.3d 1101, 1105 & n.14, 1109 (D.C. Cir. 1995), *cert. denied*, 516 U.S. 1115 (1996). Most lower federal courts in the District of Columbia have relied on the USAO Matrix, rather than the so-called "*Salazar* Matrix" (also known as the "LSI Matrix" or the

"Enhanced *Laffey* Matrix"), as the "benchmark for reasonable fees" in this jurisdiction. *Miller v. Holzmann*, 575 F. Supp. 2d 2, 18 n.29 (D.D.C. 2008) (quoting *Pleasants v. Ridge*, 424 F. Supp. 2d 67, 71 n.2 (D.D.C. 2006)); *see, e.g., CREW v. U.S. Dep't of Justice*, --- F.Supp.3d ---, 2015 WL 6529371 (D.D.C. 2015); *McAllister v. District of Columbia*, 21 F. Supp. 3d 94 (D.D.C. 2014); *Embassy of Fed. Republic of Nigeria v. Ugwuonye*, 297 F.R.D. 4, 15 (D.D.C. 2013); *Berke v. Bureau of Prisons*, 942 F. Supp. 2d 71, 77 (D.D.C. 2013); *Fisher v. Friendship Public Charter School*, 880 F. Supp. 2d 149, 154-55 (D.D.C. 2012); *Sykes v. District of Columbia*, 870 F. Supp. 2d 86, 93-96 (D.D.C. 2012); *Heller v. District of Columbia*, 832 F. Supp. 2d 32, 40-49 (D.D.C. 2011); *Hayes v. D.C. Public Schools*, 815 F. Supp. 2d 134, 142-43 (D.D.C. 2011); *Queen Anne's Conservation Ass'n v. Dep't of State*, 800 F. Supp. 2d 195, 200-01 (D.D.C. 2011); *Woodland v. Viacom, Inc.*, 255 F.R.D. 278, 279-80 (D.D.C. 2008); *American Lands Alliance v. Norton*, 525 F. Supp. 2d 135, 148-50 (D.D.C. 2007). *But see, e.g., Salazar v. District of Columbia*, 123 F. Supp. 2d 8, 13-15 (D.D.C. 2000). The USAO contends that the *Salazar* Matrix is fundamentally flawed, does not use the *Salazar* Matrix to determine whether fee awards under fee-shifting statutes are reasonable, and will not consent to pay hourly rates calculated with the methodology on which that matrix is based.