**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| SERVICE EMPLOYEES INTERNATIONAL, UNION NATIONAL INDUSTRY PENSION FUND, et al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 14-cv-00334 (APM) |
| CASTLE HILL HEALTHCARE PROVIDERS, LLC, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  BACKGROUND**

Plaintiffs Service Employees International Union National Industry Pension Fund ("the Pension Fund"), a multiemployer pension plan, and its Trustees (collectively, "Plaintiffs") brought an action against Defendants Castle Hill Healthcare Providers, LLC and Alaris Health LLC (collectively, "Defendants") under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq.  Plaintiffs alleged that Defendants breached their obligations under the parties' collective bargaining agreements by failing to produce remittance reports and make contribution payments, as well as violated the Pension Protection Act of 2006 ("PPA"), Pub. L. No. 109-280, 120 Stat. 780 (2006), by failing to pay surcharges and supplemental contributions for those years in which the Pension Fund was in "critical status."  *See* Compl., ECF No. 1, at 5–8.  Plaintiffs sought various forms of relief, including: (1) a declaration that Defendants were delinquent in remitting owed contributions to the Pension Fund; (2) a judgment requiring Defendants to pay delinquent contributions, interest, liquidated damages, surcharges owed under

the PPA, and attorney's fees and costs; and (3) a permanent injunction requiring Defendants to timely file remittance reports and pay all owed contributions as they become due. *See id.* at 9–12.

The court granted Plaintiffs' Motion for Summary Judgment and ordered Defendants to disclose particular remittance reports and Plaintiffs, following receipt of those reports, to submit supplemental briefing on the final damages award sought. *See* Mem. Op. & Order, ECF No. 27, at 15–16. The court subsequently entered a final judgment against Defendants for $38,872.82 for all delinquent contributions, interest, liquidated damages, PPA surcharges and fees owed, plus additional pre- and post-judgment interest. *See* Order & Final J., ECF No. 32, at 2. The court retained jurisdiction to award attorney's fees and costs. *Id.* at 3.

Now before the court is Plaintiffs' Motion for Attorneys' Fees and Costs. After thorough review of the evidence submitted, the court grants Plaintiffs' Motion in part and denies it in part.

## II.     DISCUSSION

Plaintiffs seek $31,070.50 in attorney's fees for 162.4 hours of work performed between February 28, 2014, and April 12, 2016, as well as $501.20 in court costs, for a total award of $31,571.70. *See* Pls.' Mot. for Att'ys' Fees & Costs, ECF No. 36 [hereinafter Pls.' Mot.], at 3; Pl.'s Mot., Ex. 1B, ECF No. 36-1, at 30–31. Defendants do not dispute that Plaintiffs are entitled to attorney's fees and costs under ERISA, but they do contest whether the amount of fees Plaintiffs seek is "reasonable." *See* 29 U.S.C. § 1132(g).[1]

To calculate reasonable attorney's fees, the court multiplies a reasonable number of hours worked by a reasonable hourly rate and then, if necessary, adjusts the sum downward or upward. *Blum v. Stenson*, 465 U.S. 886, 888 (1984); *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 968

---

[1] As Defendants make no argument that Plaintiffs' request for costs is unreasonable, the court deems that request to be conceded. *See Kone v. District of Columbia*, 808 F. Supp. 2d 80, 83 (D.D.C. 2011) ("[A]n argument in a dispositive motion that the opponent fails to address in an opposition may be deemed conceded." (alteration in original) (internal quotation marks omitted)).

(D.C. Cir. 1994); *Serv. Emps. Int'l Union Nat'l Indus. Pension Fund v. Bristol Manor Healthcare Ctr.*, No. 12-cv-01904, 2016 WL 3636970, at *3 (D.D.C. June 30, 2016). The party seeking fees bears the burden of proving that its request is reasonable, "and the opposing party remains 'free to rebut a fee claim.'" *Eley v. District of Columbia*, 793 F.3d 97, 100 (D.C. Cir. 2015) (quoting *Covington v. District of Columbia*, 57 F.3d 1101, 1107–08 (D.C. Cir. 1995)). To meet its burden, the moving party may submit "supporting documentation [that is] '. . . of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended.'" *Role Models*, 353 F.3d at 970 (quoting *In re Olson*, 884 F.2d 1415, 1428 (D.C. Cir. 1989) (per curiam)).

The only issue before the court is whether Plaintiffs' counsel expended an unreasonable number of hours in this litigation.[2] Defendants assert that the fee award should be "substantially reduced" because (1) Plaintiffs "block billed" many of their billing entries, meaning they listed several distinct tasks in one billing entry; (2) certain billing entries are duplicative; (3) the number of hours expended for certain tasks was excessive; and (4) Plaintiffs' counsel inappropriately billed for time spent correcting a filing error. *See* Defs.' Mem. in Opp'n to Pls.' Mot. for Att'ys' Fees &

---

[2] Defendants make no argument that Plaintiffs' counsel's hourly rates were unreasonable, and the court is satisfied that those hourly rates in fact were reasonable. The rates Plaintiffs seek are well below those set out in the United States Attorney's Fees Matrix ("USAO *Laffey* Matrix") for 2015–2016, upon which the court relies for a baseline determination of the contemporary, prevailing market rates. *See Bristol Manor*, 2016 WL 3636970, at *4 (relying on the USAO *Laffey* Matrix in an action for attorneys' fees under ERISA); Pls.' Mot. at 3; *compare* Pls.' Mot., Ex. 1, ECF No. 36-1, at 2–4 [hereinafter Bardes Decl.], ¶ 4, *with* Pls.' Mot., Ex. 2, ECF No. 36-2 [hereinafter USAO *Laffey* Matrix 2015–2016], at 2. Here, a partner with over eighteen years' experience, two associates with over four years' experience each, an associate with over two years' experience, a paralegal, and two law clerks worked on the litigation. *See* Bardes Decl. ¶ 4. Plaintiffs' counsel charged $220 per hour for work performed by partners; $195 per hour for work performed by associates; $120 per hour for work performed by paralegals; and $75 per hour for work performed by law clerks. *Id.* The USAO *Laffey* Matrix provides that the market rate for attorneys with 16–20 years' experience is $504 per hour; those with 4–5 years' experience is $325 per hour; those with 2–3 years' experience is $315 per hour; and paralegals and law clerks is $154 per hour. *See* USAO *Laffey* Matrix 2015–2016. Thus, the hourly rate for each member of Plaintiffs' litigation team was significantly below the prevailing market rate. In the absence of any argument or contradictory evidence suggesting Plaintiffs' counsel's rates were unreasonable, the court concludes that Plaintiffs have carried their burden of showing the hourly rate was reasonable.

Costs, ECF No. 37 [hereinafter Defs.' Opp'n], at 4–6.[3] In light of these four faults, Defendants contend, Plaintiffs cannot "satisfy their burden of demonstrating with a high degree of certainty the reasonableness of their fee request." *Id.* at 5. After thoroughly reviewing the briefs and evidence submitted, the court concludes Plaintiffs have satisfied their burden of demonstrating to a high degree of certainty that the number of hours their counsel billed was reasonable, except as to those hours spent correcting and refiling an exhibit to the Complaint.

With respect to Defendants' allegations regarding Plaintiffs' counsel's "block billing," the court is satisfied with the billing entries submitted. Though several billing entries list multiple tasks, the court readily can discern that those tasks included in the block entries not only all pertain to aspects of this litigation, but also nearly all involve work on substantive motions for this litigation. The only two entries Defendants specifically challenge clearly pass muster in this regard. Moreover, nowhere in the billing records has Plaintiffs' counsel attempted to charge for administrative tasks[4] or other client matters. *Cf. Role Models*, 353 F.3d at 971.

To the extent Defendants argue that the number of hours expended is excessive and the billing entries are duplicative, those arguments are unpersuasive. Plaintiffs' counsel, including all non-lawyer timekeepers, billed a total of 162.4 hours for the entirety of this matter, which roughly equates to 40 hours per week over four weeks. This litigation took more than two years to complete. During that time, Plaintiffs' counsel, among other things, drafted a complaint, moved for entry of default judgment after Defendants failed to timely answer, filed a motion for summary judgment, prepared a supplement to their motion for summary judgment at the court's direction,

---

[3] All pin citations are to the document's original pagination.
[4] Plaintiffs agreed to exclude those entries from March 16, 2015, and June 14, 2015, that Defendants argued were unreasonable charges for administrative work and have not included them in the requested amount of attorneys' fees. *See* Pls.' Reply in Supp. of Pls.' Mot. for Att'ys' Fees & Costs, ECF No. 38, at 5. Those are the only entries Defendants claim were bills for administrative work. *See* Defs.' Opp'n at 5.

4

and wrote reply briefs in support of the motions and supplement. Each pleading was supported by client affidavits, supporting evidence, or both. Thus, securing a favorable final judgment in this matter took Plaintiffs' counsel substantial time and effort.

Defendants challenge the total hours billed as excessive, citing in particular the 83.7 hours spent to draft the summary judgment motion and reply and the 25.9 hours spent to draft the summary judgment supplement and reply. Defs.' Opp'n at 4–5. The court finds neither sum to be unreasonable. The summary judgment motion and reply brief were both substantive pleadings, which, taken together, consisted of 25 pages of legal argument, a 12-page statement of facts, three declarations, and other supporting evidence. The supplement consisted of 15 pages of legal argument, two more declarations, and additional evidence. The court finds the total time that Plaintiffs' counsel expended to research, draft, and assemble those pleadings was reasonable. Nor can Plaintiffs' counsel be accused of trying to run up fees by relying on higher-billing partners to do the lion's share of the work. To the contrary, the primary timekeeper in this litigation was a young associate, *see* Pl.'s Mot. at 2 (stating that associate with over two years' experience billed 87.2 of the total 162.4 hours), whose limited years of experience likely caused him to take slightly longer—but at a lower hourly rate—to research, draft, revise, and finalize the key pleadings in this case.

The only "evidence" Defendants submit to support their contention of excessive billing is an affidavit from their own counsel. But defense counsel's statements are not evidence; they are legal arguments, which Defendants ultimately transcribed into their opposition brief without further elaboration. *Compare* Defs.' Opp'n, Ex. 1, ECF No. 37-1, ¶¶ 19–21, *with* Defs.' Opp'n at 4–5. Similarly, although Defendants charge that Plaintiffs' counsel's billing entries are duplicative, they identify no allegedly duplicative entries. *See* Def.'s Opp'n at 4. Accordingly,

having thoroughly reviewed Plaintiffs' counsel's billing entries, *see* Pls.' Mot., Ex. 1A, ECF No. 36-1, at 5–29 [hereinafter Billing Entries], the court is satisfied that the number of hours expended was not excessive and the billing entries are not duplicative.

Lastly, Defendants dispute whether they should be required to pay for time Plaintiffs' counsel spent correcting a filing error. *See* Defs.' Opp'n at 5. The court agrees that the amount charged for the correction is improper. Prior to ruling on Plaintiffs' Motion for Summary Judgment, the court alerted Plaintiffs of the need to refile an exhibit to their Complaint—18 pages of summary payroll charts containing Social Security Numbers—with redactions, as required under Local Rule 5.4(f). *See* LCvR 5.4(f); Minute Order, November 3, 2015. The billing entries reflect that counsel spent 2.4 hours, in total, reviewing the court's Order and the Local Rules, consulting one another, making the necessary redactions, telephoning the Clerk's Office, and refiling the exhibit. *See* Billing Entries at 15.[5] Plaintiffs contend that they are entitled to payment because their attorneys would have spent the same time making the necessary redactions initially as they did after being informed of the error. *See* Pls.' Reply to Defs.' Opp'n, ECF No. 38, at 5. The court disagrees. The 2.4 hours Plaintiffs' counsel charged to make this simplistic redaction upon discovery—removing from view data contained in single column in one exhibit—is an excessive amount of time, and it would be unfair for Defendants to bear the burden of that cost in full. It would not have taken any timekeeper 2.4 hours to make the redaction prior to filing; at most, it would have taken .2 hours to complete. Accordingly, the court will reduce Plaintiffs' fee award by $345.[6] With the $345 reduction, Plaintiffs' attorney's fees total $30,725.50.

---

[5] All pin citations are to the document's original pagination.
[6] The billing entries reflect that two associates collectively billed 1.5 hours, at $195 per hour, and one law clerk billed .9 hours, at $75 per hour, to make the redactions required under the Local Rules and refile the exhibit. *See* Billing Entries at 14–15. This time amounts to a $360 bill to correct and refile the exhibit. One law clerk, however, easily could have made the redactions and properly filed the exhibit in .2 hours. Consequently, Plaintiffs may only recover $15—.2 hours of time billed by a law clerk at $75 per hour—for the time spent correcting and refiling the exhibit.

## III. CONCLUSION AND ORDER

In light of the foregoing, the court grants Plaintiffs' Motion for Attorneys' Fees and Costs in part and denies it in part. The court hereby awards Plaintiffs $31,226.70 in attorney's fees and costs.

This is a final, appealable Order.

Dated: January 18, 2017

Amit P. Mehta
United States District Judge